## Pomerantz v. Goldstein

*Allen H. Silverman*, for plaintiffs.
*Robert S. Robbins*, for defendant.

BOLGER, *J.*, January 10, 1975—On June 11, 1974, this court entered a finding for plaintiffs in the above captioned assumpsit case. On June 19, 1974, counsel for defendant filed a post-trial pleading headed, "Defendant's Motions for New Trial." On July 3, 1974, counsel for plaintiffs filed a motion to dismiss defendant's motion for a new trial. Defendant filed an answer to the latter motion. After a hearing, and upon consideration of the briefs which were filed, plaintiffs' motion was sustained and defendant's motion for a new trial was dismissed. The instant appeal is from the ruling of this court in which defendant's motion for a new trial was dismissed, without consideration of its merits, on the basis of plaintiffs' motion to dismiss.

Plaintiffs' motion to dismiss was based upon Pa. R.C.P. 1038(d) which, in its last sentence, reads as follows:

"No motion for a new trial, for judgment non

obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed."

Defendant's counsel answers: that his motion serves the purposes of an exception; that merely changing the title of this pleading would apparently cure the defect which plaintiffs' motion to dismiss raises; and that, "It is unfortunate that Plaintiff has seen fit to pounce on a technicality in order to prevail instead of addressing himself to the merits."

In support of his position, counsel for defendant offers the case of Baker v. Roslyn Swim Club, 206 Pa. Superior Ct. 192 (1965). This is most interesting in view of the fact that this court followed the very same decision, as well as Lehigh Valley Railroad v. Krapf's Truck Service, 56 D. & C. 2d 259 (1971), in dismissing defendant's motion for a new trial. In Baker, the Superior Court stated:

"The court below pointed out that the Act of 1874 does not provide for such motions, but rather provides for exceptions to the findings of fact and conclusions of law. However, the court, below, following the procedure in Miller v. Werner, 61 Montg. 73, treated the reasons assigned in the motion for new trial as being exceptions to findings of fact, and the motion for judgment n.o.v. as an exception to the conclusion of law.": Baker, supra, at 193.

The Superior Court went on to hold that:

"Since the court below handled the matter in that fashion without objection by either party, we shall do likewise, *but our action in so doing must not be regarded as a precedent in future cases. The Act of 1874 is explicit in setting forth the procedure and*

*it should be followed.":* (Emphasis supplied). Baker, supra, at 193, 194.

Lehigh Valley, supra, is a case, like the one at bar, in which:

"It is clear that the aim of all proceedings filed by defendant is to seek a relaxing of the requirements of Pa. R.C.P. 1038 and the Act of 1874": at 266.

While noting the fact that: "The courts have reluctantly treated reasons filed in support of a motion for a new trial as exceptions," the court in Lehigh Valley, at 264, cited the above quoted section of the Baker opinion in its own opinion which sustained a motion to strike defendant's motion for a new trial on the ground that it did not comport with Pa. R.C.P. 1038(d).

It may be that the Act of April 22, 1874, P.L. 109, sec. 2, as amended, 12 PS §689, and the above quoted last sentence of Pa. R.C.P. 1038(d), which interprets and modifies the said act, have outlived their usefulness. If such is the case, then it is for the legislature and the Supreme Court to exercise their constitutional powers to correct it. If the Baker decision needs clarification, it is for the Superior Court to clarify it. So long as the act and the rule of civil procedure in question are in effect, and so long as they are authoritatively interpreted by the appellate courts of this Commonwealth, plaintiff has the right to call upon this court to enforce them and this court has no choice but to do so. For the foregoing reasons, we granted plaintiffs' motion to dismiss defendant's motions for a new trial.